# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DARREN PETTY,<br><br>       Plaintiff,<br><br>v.<br><br>OFFICER LONG, JOHNATHAN ELMORE, Mayor, RANDY BEEBE, Commissioner, BRIAN FISHER, Commissioner, ADELA YELTON, Commissioner, CITY OF AVONDALE, Georgia,<br><br>       Defendants. | 1:16-cv-2881-WSD |

## OPINION AND ORDER

This matter is before the Court on the required frivolity review, under 28 U.S.C. § 1915(e)(2)(B), of Plaintiff Darren Petty's ("Plaintiff") Complaint [3].

## I.    BACKGROUND

On August 8, 2016, Plaintiff filed his Application for Leave to Proceed *In Forma Pauperis* ("IFP Application") [1]. On August 12, 2016, Magistrate Judge Russell G. Vineyard granted Plaintiff's IFP Application and submitted Plaintiff's *pro se* Complaint [3] to this Court for a frivolity review. ([2]).

Plaintiff's three-page Complaint alleges he was driving home on the night of August 23, 2013. Defendant Officer Long stopped him for "failure to maintain

lane." (Compl. at 1). Officer Long administered a sobriety test, concluded that Plaintiff was drunk, and arrested him for driving while intoxicated. Approximately one year later, a jury found Plaintiff not guilty of the offense charged. Plaintiff asserts that Officer Long admitted, at trial, that Plaintiff passed the sobriety test he took on the night of his arrest. Plaintiff states further that "police dash cam video" shows he did not commit a traffic violation. (Compl. at 1). Plaintiff asserts claims, under 42 U.S.C. § 1983, for false arrest, false imprisonment, and fraud. (Compl. at 1).

## II. DISCUSSION

### A. Legal Standard

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327). "[I]f the district court sees that an affirmative defense would defeat the action, a [dismissal on the grounds of frivolity] is allowed." Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 (11th Cir. 1990).

Complaints filed *pro se* must be construed liberally and are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus,

551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). Nevertheless, "a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B. Analysis

"The statute of limitations for a section 1983 claim arising out of events occurring in Georgia is two years." Hafez v. Madison, 348 F. App'x 465, 467 (11th Cir. 2009). The statute of limitations begins to run on false imprisonment and false arrest claims "at the time the claimant becomes detained pursuant to legal process." Wallace v. Kato, 549 U.S. 384, 397 (2007); see Burgest v. McAfee, 264 F. App'x 850, 852 (11th Cir. 2008); Long v. Dietrich, No. 1:10-cv-02859, 2012 WL 4478802, at *6 (N.D. Ala. Sept. 20, 2012); Frazier v. Bibb Cty. Sheriff's Dep't, No. 506-cv-131, 2007 WL 951707, at *1 n.1 (M.D. Ga. Mar. 28, 2007).

Construing Plaintiff's Complaint liberally, Plaintiff alleges that, on August 23, 2013, he was arrested, in Georgia, without a warrant. Georgia law provides:

4

> In every case of an arrest without a warrant, the person arresting shall, without delay, convey the offender before the most convenient judicial officer authorized to receive an affidavit and issue a warrant. . . . [A]ny person who is not brought before such judicial officer within 48 hours of arrest shall be released.

O.C.G.A. § 17-4-62.  The Court assumes that Plaintiff received this legal process on or before August 25, 2013, "within 48 hours of [his] arrest."  O.C.G.A. § 17-4-62; see Burgest, 264 F. App'x at 852 ("assum[ing]," in determining the timeliness of plaintiff's § 1983 false imprisonment claim, that plaintiff received his initial appearance within 24 hours of his warrantless arrest because state law required "every arrested person [to] be taken before a judicial officer within 24 hours of arrest"); Ballard v. House, No. 1:14-cv-2487, 2015 WL 1840333, at *6 (N.D. Ala. Apr. 22, 2015) (applying Burgest to assume that the plaintiff received process within 48 hours of his warrantless arrest, and finding that plaintiff's § 1983 false imprisonment claim was time-barred).[1]  "When this legal process was initiated against him, the period of limitation began to run."  Burgest, 264 F. App'x at 852.  Plaintiff filed this action on August 8, 2016, more than two years later.

---

[1]   See also Collins v. Selva, No. 1:10-cv-1069, 2011 WL 1545740, at *2 (M.D. Ala. Mar. 23, 2011); cf. Shepherd v. Wilson, 663 F. App'x 813, 817 (11th Cir. 2016) ("Shepherd was detained pursuant to legal process when he was arrested on September 13, 2011.  Therefore, the two-year Alabama statute of limitations for any § 1983 claims alleging a violation of the Fourth Amendment arising out of that arrest expired on September 13, 2013.").

Plaintiff's false arrest and false imprisonment claims are dismissed as time-barred. Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 640 & n. 2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.").

Plaintiff also asserts a general claim for fraud, which is not cognizable under § 1983. See Furr v. Romo, 98 F.3d 1345 (9th Cir. 1996) ("To the extent that Furr contends that he has stated a cause of action for fraud, we conclude that this contention lacks merit because Furr has failed to state a cognizable section 1983 claim."); Pugh v. Dix, No. 09-cv-00016, 2010 WL 682522, at *7 (S.D. Ala. Feb. 23, 2010) ("[T]here is no constitutional right which parallels a state-law tort claim of fraud and, therefore, plaintiff's allegations are inadequate to raise a recognizable federal right."). Plaintiff's Complaint is required to be dismissed under 28 U.S.C. § 1915(e)(2)(B).[2]

---

[2] Plaintiff's Complaint also violates the pleading requirements of the Federal Rules of Civil Procedure, because it does not (1) "state its claims or defenses in numbered paragraphs," (2) include a "Rule 7(a) designation," (3) include "a short and plain statement of the grounds for the court's jurisdiction," or (4) assert each claim in a separate count. Fed. R. Civ. P. 8(a)(1), 10(a)-(b); see Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005) (stating that *pro se* plaintiffs "must comply with the procedural rules that govern pleadings").

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED** this 25th day of April, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE